In re Marriage of T____ M____ K____, Respondent,

v.

J____ W____ K____, Appellant.

No. 46625.

Missouri Court of Appeals, Eastern District, Division Six.

March 20, 1984.

Andrew L. Granat, Clayton, for appellant.

David Hamilton Ash, Bowling Green, for respondent.

CLEMENS, Senior Judge.

The trial court dissolved the parties' five-year marriage and divided marital property. It also granted plaintiff-wife primary custody of their two-year-old son subject to visitation with the father.

Both trial and appellate counsel amicably settled all issues except child custody. On that issue each has diligently and commendably presented his client's contentions.

Here defendant-husband contends: The trial court erroneously applied the law in granting primary custody; that binding expert testimony showed the father was fit and the mother unfit for primary custody; and that his visitation rights were unduly restrictive.

The mother responds the trial court did not err in requiring father to prove a right to take custody from the mother; the award of custody to mother was not erroneous by being contrary to the recommendation of the father's psychiatric witness; nor did the court err in considering danger to the child by father.

The unchallenged evidence was that both parents were well-educated school teachers. The court found each, particularly the father, was somewhat less than ideally stable emotionally.

■ On his first point the father contends the court erred by basing its conclusion on the now non-existent "presumption of tender years". The court's decree stated the mother "is the fit and proper party to have the primary care, custody and control of the minor child." This, subject to weekly four-hour visitation with the father.

Father concedes *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), applies except for the court's erroneous application of the law. He bases this on the conclusion of his psychologist witness. Her diagnosis was that the father is non-violent but is chronically "vulnerable to anxiety and stress"; that he still needed some mental treatment.

The doctor opined the mother is acutely disturbed and had a "narcissistic personality". The doctor had not examined the mother and based the opinion on courtroom observation and three diaries or scholastic articles written by the mother. (Father's counsel has not included these items in the transcript.)

Wife testified: She was in good health and was furnishing a good home for the son; husband had twice physically abused her; he had threatened to kill himself if he didn't get at least half-time custody; he had illegally taken the son for a week and returned him injured and distraught.

We deny husband's contention the testimony of his psychologist witness should control the court's judgment. The trial court had also seen and heard both the father and mother. The weight to be given to each of the three witnesses was for the trial court. We must accord deference to its findings when, as here, they neither conflict with the preponderance of evidence nor disclose an abuse of discretion. *N.J.W. v. W.E.W.*, 584 S.W.2d 148[3, 4] (Mo.App. 1979) and *L____ E____ (S____) v. J____ A____ E____*, 507 S.W.2d 681[2] (Mo.App. 1974).

Last, the father contends his weekly four-hour visitation is unreasonably restrictive. This restriction may be changed later by the trial court if the circumstances change. Viewing the cited facts of the father's conduct and condition we cannot say the trial court abused its discretion in so limiting his custody.

Affirmed.

STEPHAN, P.J., and SIMON, J., concur.