Rebecca CLASSE, Respondent,

v.

Henry CLASSE, Appellant.

No. 55068.

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1989.

Timothy H. Battern, St. Louis, for appellant.

Joe A. Johnson, Arnold, for respondent.

CRIST, Judge.

Henry Classe (father) appeals the dismissal of his motion to modify the child support provisions of a dissolution decree, which sought to reduce his obligation to pay $350 per month to Rebecca Classe (mother) for the benefit of the parties' minor child. We affirm.

The parties' marriage was dissolved on December 14, 1985. At that time father was employed as a manufacturing engineer, earning a salary of $39,000 per year. He was ordered to pay $350 per month child support for the parties' daughter, born June 25, 1974; to make one-half of the next seven monthly mortgage payments on the marital residence; to satisfy all mortgage payments that were overdue at the time of the decree; to pay mother $5,000, in installments of $200 per month, for her interest in the personal property not divided; and to maintain medical insurance coverage on daughter. Father was awarded his pension, stock purchase and profit sharing plans.

On February 23, 1986, father filed a voluntary petition for Chapter 13 bankruptcy.

On March 7, 1986, mother filed a motion to cite father for contempt because he had failed to pay the past-due mortgage payments and his one-half of the mortgage payment since the decree. Father was then laid off from his employment as an engineer on October 31, 1986, and on that same day he began work for one W.A. Rose Construction Co., as a commission salesman and subcontractor. On December 16, 1986, father filed a motion to modify the divorce decree, requesting a reduction in his child support obligation, alleging changed circumstances in that his annual income had been reduced to $5000 as a result of being laid off, and he had not found new employment.

Mother's motion for contempt was heard on January 29, 1987. Father and mother appeared in person and through their attorneys. The parties had agreed to settle, with father to: (1) quitclaim all his interest in certain real estate to mother; (2) pay $100 per month until his arrearage of $1725 in child support was paid; (3) continue to be obligated to pay $350 per month child support; and (4) pay $750 to mother's lawyer for attorney's fees. Father paid the attorney's fees and quitclaimed the property. On June 23, 1987, the bankrupt-

**388**

cy court ordered mother to pay attorney's fees to father for his defense of a claim by mother in bankruptcy court, of which findings were made on June 22, 1987. No record of the findings of this bankruptcy proceeding are included in the legal file or appear to have ever been presented to the modification court.

Father's motion to modify was heard on April 24, 1988. The evidence showed father earned $19,800 in 1987. Father testified he was not employed by W.A. Rose but worked for them as a subcontractor. However, father's 1987 W–2 form shows him to be a regular employee. Father stated he had applied for other engineering jobs, but he had received no offers. Father, his new wife, and her three children were living with wife's mother, in her home, and paying her $630 per month in rent. Father paid all the utilities, averaging $206 per month. He also was paying an average of $765.50 per month to support his new wife's children. Father readily admitted he had made only partial payments toward his child support obligation, he had failed to make any of the payments on the marital residence, and he had not carried medical insurance on daughter.

■ After hearing evidence, the court dismissed father's motion to modify. The court commented on its dismissal as follows:

> Since the entry of the decree of divorce in this cause the Movant herein has failed to keep health insurance on the child as was ordered by this Court.
>
> He failed to make the house payment on the house so that the house was foreclosed upon, contrary to the order of this Court. The house is foreclosed upon and the equity is lost. He failed to pay the amount of money that was ordered by the Court by the stipulation to take care of that item.
>
> He has failed to maintain child support payments, failed to pay the arrearage agreed upon.
>
> In review of this file it is apparent that there has not been one order of this Court that this Respondent has complied with.

He has failed to do everything that this Court has ordered him to do, and yet he appeared before this Court and seeks relief from this Court from the things that he has not done.

I've been doing this for almost twenty-three years. I've seen pathological liars in my time. I've seen many liars testify, I've held the liars to be in contempt of Court, and I've thrown them in jail.

If I had received the support of my Court of Appeals in such circumstances I would be putting you in jail, Mr. Classe, because you are a consummate liar. You have lied to this Court every time you have been here. There has not been a word of anything that you have said that is credible to this Court. That has been what the Court has observed and the reputation that you have established with this Court.

Every time you take an oath to tell the truth it is an invitation for you to lie. And you have lied repeatedly on every issue. I suppose that my complaint, basically, is that the law is written for deadbeats like you. The law protects liars like you, and I can't throw people like you in jail where you belong. I can't touch you and be supported by my Court of Appeals or by any other court. You have, certainly, more rights than you deserve, sir. You have the right to lie under oath in a court of law. But, I don't have to believe you. That's the one thing I can reserve for myself. And I don't believe anything you have said; you are a pathetic liar. You are a miserable human being. You have no place seeking justice in any court of law in this land. What I can do, sir, is dismiss your Motion to Modify, and I ... dismiss it.

Father asserts the trial judge should have voluntarily disqualified himself because his impartiality could reasonably be questioned. He contends the judge's posttrial comments demonstrate he had prejudged the matter "in that the court stated that [father] had lied every time he had appeared before the court although there was no evidence in this matter to indicate [father] had lied."

There is no question father was entitled to an impartial judge. Rule 2, Canon 3C(1) states "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...." "However, a judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial." *State v. Hoeber*, 737 S.W.2d 484, 486[3] (Mo.App.1987). While the same judge presided over the dissolution proceedings and mother's motion citing father for contempt, there is little evidence to support the judge was biased prior to the hearing on the motion to modify. It was from the evidence before the court on the motion to modify that the judge discovered father had failed to satisfy his obligations under the decree and contempt order. From this evidence and from father's testimony and demeanor, the court was entitled to rule on father's credibility. *Bess v. Bess*, 720 S.W.2d 757, 758[1] (Mo.App.1986). While the trial court's lecture was unnecessarily harsh, we cannot, under the evidence, find such vituperative language to be, ipso facto, reversible error.

■ Father also asserts the denial of his motion to modify was against the weight of the evidence in that his annual income was reduced from $39,000 to $19,800 as a result of an involuntary layoff.

While father's decline in income apparently came through no fault of his own, he is currently employed and earning sufficient income to expend $765.50 per month to support his new wife's children. However, this support does not destroy his primary obligation to support his own child. *See Donnelly v. Donnelly*, 648 S.W.2d 898, 900[5] (Mo.App.1983); *Cf. Markham v. Markham*, 506 S.W.2d 84, 86[6] (Mo.App. 1974) (husband's remarriage not grounds for reduction of alimony awarded to first wife, but may be considered if children born of subsequent marriage). Father's decline in income is not of such magnitude to constitute a sufficient change in circumstances to warrant modification of his child support obligation. He still possesses sufficient resources to provide for the care of his minor child. *See Forhan v. Forhan*, 693 S.W.2d 164, 165–166[1–3] (Mo.App. 1985). We find no abuse of discretion.

■ Father finally asserts the court dismissed father's motion to modify "for failure to comply with prior orders of the court," and he contends this was error because father had complied with the orders of the court by paying his obligations through his Chapter 13 bankruptcy reorganization plan. He argues such a dismissal is in violation of the automatic stay provisions of the bankruptcy code. 11 U.S.C. § 362. We disagree.

Father's motion to modify is a petition for affirmative relief; this is not an action by another party against father to recover a debt or claim, as prohibited by 11 U.S.C. § 362. The issue at hand is whether there are sufficient changed circumstances so substantial and continuing as to make the terms of the decree unreasonable. § 452.370.1, RSMo 1988 Supp. We have found no Missouri case holding that the bankruptcy petition of the parent paying support mandates modification. Further, we note that generally obligations for child support are non-dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). Point denied.

Judgment affirmed.

CRANDALL, P.J., concurs in result.

DOWD, J., concurs.