Rebecca Ann (Sampson) LEDBETTER,
Appellant,

v.

Gary Alan SAMPSON, Respondent.

No. 20093.

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1996.

Frederick W. Martin, III, West Plains, for appellant.

Fred O'Neill, Perkins Law Office, L.L.C., Thayer, for respondent.

PREWITT, Presiding Judge.

Pursuant to Respondent's motion to modify a dissolution decree, the trial court changed the custodial arrangement of the minor children of the parties by transferring their primary physical custody from Appellant to Respondent. On appeal, Appellant presents two points relied on.

■ Review is under Rule 73.01(c). For an interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo. App.1990). When considering appeals from custody orders, this Court presumes that the trial court has studied all of the evidence and decided the custody issue in a manner consistent with the best interest of the child. *Cook v. Warren,* 916 S.W.2d 409, 412 (Mo.App. 1996).

■ For her first point, Appellant asserts that the trial court erred in failing to appoint a guardian ad litem for the minor children, stating "that the written and oral pleadings alleged abuse or neglect of the children." However, in her statement of facts and in argument under this point, Appellant acknowledges that there were no allegations which "directly allege physical abuse or neglect of the children," and "the pleadings involved herein did not directly allege physical abuse of the children."

Appellant relies upon Section 452.423.1, RSMo 1994. Our supreme court, in *Rombach v. Rombach,* 867 S.W.2d 500, 503 (Mo. banc 1993), held that the mandatory appointment of a guardian ad litem pursuant to this statute "is triggered only by an allegation of child abuse expressly stated in a pleading."

That requirement was not met. Point I is denied.

Appellant's second point states:

> The trial court erred in stating during the presentation of [Respondent's] case-in-chief that it would probably order a change in custody at the conclusion of [Respondent's] case-in-chief because the trial court was required to remain impartial throughout the trial and to not prejudge the case in that [Appellant] had not yet had an opportunity to present her evidence for consideration by the trial court.

■ We do not read the court's comments as does Appellant. The court referred to the evidence and expressed this view:

> [I]f things continue in this posture, I would be inclined virtually to—to sustain the motion.... I have never leaned more strongly during a parties' [sic] evidence toward, what seems to me, an inescapable conclusion than I do at this moment. And that is attributable to the—to the power of this evidence, purely and simply.

■ A judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial. *Classe v. Classe*, 772 S.W.2d 386, 389 (Mo.App.1989). Here, we do not think that the comments were sufficient to indicate any bias or prejudice on behalf of the judge. The comments were made after hearing testimony from numerous witnesses. Many of the witnesses could be deemed "independent," as they would not appear to have a reason to favor either party, and much of the testimony was undisputed. This and an examination of the record does not convince us that the judge was prejudiced against Appellant.

The judge's comments do not establish that he had made his decision before Appellant had her chance to present evidence. His reference to "if things continue in this posture" may be reasonably interpreted to indicate that, unless the evidence he had heard was contradicted or the witnesses successfully impeached, he would probably believe their testimony. He indicated he was "inclined" to rule for Respondent, likely because much of the testimony was unchallenged. Point II is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.