In re ALLSTATE INSURANCE COMPANY.

No. 12–07–00152–CV.

Court of Appeals of Texas, Tyler.

Aug. 15, 2007.

David G. Allen, for Relator

Reese P. Andrews, Gregory D. Smith, Nathaniel Q. Moran, for Real Party In Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

Allstate Insurance Company filed a petition for writ of mandamus challenging the trial court's order denying Allstate's mo-

tion to sever and abate and motion to reconsider. The real parties in interest are Glenn and Helen Nerren. The respondent is the Honorable Charles Mitchell, Judge of the 273rd Judicial District Court, San Augustine County, Texas. We conditionally grant the writ.

## BACKGROUND

The Nerrens own a 1997 Prowler recreational vehicle insured by Allstate that was damaged by a tree falling on it. The Nerrens made a claim on their insurance policy, and Allstate requested an appraisal of the damage caused by the tree falling on the RV. After receiving the appraisal, Allstate tendered a check in the amount of $867.34, which representing appraised damages of $917.34 minus the Nerrens $50.00 deductible.

The Nerrens also obtained an appraisal from the same company utilized by Allstate, but this time asked that all damage to the RV be considered. This appraisal showed the total damages to the RV were $7,989.75.

Unhappy with Allstate's determination of their damages, the Nerrens sued Allstate alleging breach of contract and several extracontractual claims. Allstate filed a motion to sever and abate seeking to sever the contract claim from the extracontractual claims and to abate discovery on the extracontractual claims until the Nerrens breach of contract claim had been finally determined. After a hearing, the trial court denied Allstate's motion by oral order from the bench, but no written order was signed.

Allstate then offered to settle with the Nerrens for $1,000. Allstate filed a motion asking the court to reconsider its motion to sever and abate. After a hearing, the trial court denied Allstate's motion by oral order from the bench. Later, on March 14, 2007, the trial court signed an order denying Allstate's motion to sever and abate and its motion to reconsider. Allstate then filed a petition for writ of mandamus complaining of the trial court's order.

## AVAILABILITY OF MANDAMUS

Mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). The relator has the burden to establish these prerequisites to mandamus relief. *In re E. Tex. Med. Ctr. Athens,* 154 S.W.3d 933, 935 (Tex.App.-Tyler 2005, orig. proceeding).

To determine whether the trial court clearly abused its discretion, the reviewing court must consider whether the challenged ruling or order was one compelled by the facts and circumstances or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. *In re Huag,* 175 S.W.3d 449, 451 (Tex.App.-Houston [14th Dist.] 2005, no pet.). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker,* 827 S.W.2d at 840. The trial court has no discretion in determining what the law is or applying the law to the facts. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004).

Appeal is an inadequate remedy when a trial court's failure to sever contractual and extracontractual claims constitutes an abuse of discretion. *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 675–76 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *In re Allstate County Mut. Ins. Co.,* 209 S.W.3d 742, 747 (Tex.App.-Tyler 2006, orig. proceeding). The same rule applies to a trial court's failure to abate. *Millard,* 847 S.W.2d at 675–76. Therefore, in this case, Allstate

must show only that the challenged order constitutes an abuse of the trial court's discretion.

### ABUSE OF DISCRETION-SEVERANCE

In considering whether the trial court abused its discretion in denying Allstate's motion to sever and abate, our review is limited to the record as it existed before the trial court at the time of the decision. *In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex.1998). A trial court has broad discretion to sever a lawsuit into separate suits. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629 (Tex.1996). It properly exercises its discretion in severing claims when 1) the lawsuit involves more than one cause of action; 2) the severed claim could be asserted in a separate lawsuit; and 3) the severed claim is not so interwoven with the other claims that they involve the same facts and issues. *Id.* Extracontractual claims can be severed from breach of contract claims in insurance cases. *Id.* at 630. As we have previously said,

> [t]he Texas Supreme Court has recognized that a severance of extracontractual claims from contractual claims may be necessary in certain insurance cases. *Akin,* 927 S.W.2d at 630. A trial court will undoubtedly confront instances in which evidence admissible only on the extracontractual claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.* One example is where the insurer has made a settlement offer on the disputed contract claim. *Id.*

*In re Allstate County Mut. Ins. Co.,* 209 S.W.3d at 745.

Where an insurer has made an offer to settle a disputed contract claim, the trial court is confronted with a dilemma. Either it refuses to admit evidence of the settlement offer in compliance with Texas Rule of Evidence 408, thereby denying a plaintiff the right to use the evidence to establish essential elements of its bad faith claim; or it admits evidence of the settlement offer in recognition of the plaintiff's proof requirements on the bad faith claim to the detriment of the defendant's right to exclude such information from the trial of a breach of contract claim. *Millard,* 847 S.W.2d at 673. Under such a scenario, a trial court can reach only one decision that will protect all interests involved, and that is to order severance of the two types of claims. *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding).

Here, the Nerrens argue that the trial court had no choice but to deny the motion to sever because the claims were inextricably intertwined. They claim that the appraisal obtained by Allstate will play a key role in the trial of both the breach of contract claim and the extracontractual claims because Allstate obtained the appraisal fraudulently by improperly limiting the scope of the appraisal. During the trial of the breach of contract claim, the Nerrens certainly can argue that Allstate's appraisal was low because it was improperly restricted as to scope. If successful there, the Nerrens are correct that they can reurge the appraisal argument in the trial of the extracontractual claims.

But the focus of the breach of contract claim is the damages caused to the RV by the tree falling on it. The appraisal is relevant to that dispute. The focus of the extracontractual claims is the conduct of Allstate in settling the claims. If Allstate improperly limited the scope of the appraisal, Allstate's conduct in obtaining the appraisal is relevant to both types of claims. It is true that the contractual and extracontractual claims involve some similar facts, but they also involve some facts

that are different. Further, the two types of claims do not involve similar issues. The fact that similar evidence, with a different focus, is relevant to both types of claims does not mean that the claims are so inextricably intertwined that severance cannot occur.

Having determined that the trial court could have granted the severance, we next examine whether the trial court was required to do so. The trial court considered Allstate's motion to sever the Nerrens extracontractual claims from their contractual claim after Allstate made a settlement offer on the disputed portion of the contract claim. Although the difference between Allstate's settlement offer and the undisputed portion of the contract claim admittedly is small, it is not without consequence. Allstate has a right to keep its $1,000 settlement offer out of evidence on the contractual claim. At the same time, the Nerrens have the right to present Allstate's $1,000 settlement offer into evidence on the extracontractual claims. If all the claims were extracontractual claims or if the settlement offer represented only the undisputed portion of the contract claim, the trial court's denial of the severance would not be an abuse of discretion. But those circumstances were not present in the trial court. Under the circumstances of this case, the trial court could have reached but one decision: that the Nerrens extracontractual claims must be severed from their contractual claim. See In re Allstate County Mut. Ins. Co., 209 S.W.3d at 746. Because the trial court took the contrary action and denied the motion to sever, the trial court abused its discretion. We next turn to whether the trial court abused its discretion in denying Allstate's motion to abate.

### ABUSE OF DISCRETION—ABATEMENT

■ As a general rule, a trial court has discretion to grant or deny a motion to abate. *Id.* We recognize that a number of our sister courts hold that abatement is mandatory when a trial court orders severance of extracontractual claims from contractual claims. *See, e.g., Millard,* 847 S.W.2d at 675–76. But a trial court should schedule its cases in such a manner as to expeditiously resolve them. *In re Allstate County Mut. Ins. Co.,* 209 S.W.3d at 746 (citing *Clanton v. Clark,* 639 S.W.2d 929, 931 (Tex.1982)). To promote the carrying out of this task, a trial court is given broad discretion in managing its docket, and "we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton,* 639 S.W.2d at 931. Because of these competing interests, we have avoided creating a bright line rule requiring abatement under these circumstances. *See In re Allstate County Mut. Ins. Co.,* 209 S.W.3d at 746–47.

■ Here, as in most cases involving severance of contractual and extracontractual claims, if the extracontractual claims are not abated, both parties will incur unnecessary discovery expenses if the Nerrens's breach of contract claim is decided in Allstate's favor. We have previously held that these factors, standing alone, do not necessarily require abatement. *See In re Allstate County Mut. Ins. Co.,* 209 S.W.3d at 746–47. But two additional factors are present here. First, Allstate argues that abatement is necessary to prevent the premature disclosure of privileged information. Specifically, Allstate contends that in conducting discovery on the extracontractual claims, the Nerrens will seek information regarding Allstate's handling of claims that is relevant and discoverable on the extracontractual claims, but is privileged and protected from discovery when focusing only on the breach of contract claim. Second, although the Nerrens have vigorously argued against severance,

they do not contend that if the case is severed, abatement should not be ordered. These factors were not present in our prior *Allstate* case. *See id.* at 746. As previously stated, we have avoided creating a bright line rule that a trial court loses all discretion regarding abatement when it severs extracontractual claims from contractual claims. *See id.* Based upon these two additional factors, however, we conclude that the trial court abused its discretion by denying Allstate's motion to abate.

### DISPOSITION

We **conditionally grant** mandamus relief on Allstate's motion to sever the Nerrens extracontractual claims from their breach of contract claim and to abate those extracontractual claims. We trust that the trial court will promptly vacate its order of March 14, 2007 denying Allstate's motion to sever and abate and its motion to reconsider and issue an order granting the motion to sever and abate. The writ will issue only if the trial court fails to comply with this court's opinion and order within ten days. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance.