**Petition for Writ of Mandamus Conditionally Granted; Majority and Concurring and Dissenting Opinions filed October 20, 2011.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-11-00746-CV
_____

## IN RE ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 25233**

---

## CONCURRING AND DISSENTING OPINION

I concur in the majority's determination that the petition should be conditionally granted and the trial court directed to vacate its order denying Allstate's motion to sever (Issue Number One). I dissent, however, from the majority's conclusion that mandamus should also conditionally issue directing the trial court to vacate its order denying Allstate's motion to abate (Issue Number Two).

Through its Petition for Writ of Mandamus, Relator Allstate urges that "[t]he trial court abused its discretion in refusing to abate the extracontractual claims until the underlying contractual claims are resolved." Allstate crystallizes its argument: "Abatement of the bad faith claims necessarily accompanies severance of those claims

from the contract claim because the scope of permissible discovery differs in the two types of claims and without abatement the parties will be put to the effort and expense of conducting discovery and preparing for a trial of claims that may be disposed of in the previous trial."

The majority agrees with Allstate's argument and it finds support among some courts of appeals. *See, e.g.*, *In re Progressive Cnty. Mut. Ins. Co.*, No. 09-07-011-CV, 2007 WL 416553 (Tex. App.—Beaumont Feb. 8, 2007, orig. proceeding). However, the Texas Supreme Court has already determined that the mere possibility that trial of the extracontractual claims will become unnecessary does not, as a matter of law, deprive the trial court of discretion to refuse abatement of those claims. Specifically, in *Liberty National Fire Insurance Co. v. Akin*, 927 S.W.2d 627, 631 (Tex. 1996), the Court held that, "[r]egardless of which party prevails on the contract claim, we disagree that an abatement of the bad faith claim until all appeals of the contract claim are exhausted is required." The Court has never retreated from this holding.

Other courts of appeals reject the notion that abatement is, as a bright line rule, mandatory in all cases of extracontractual severance. *See, e.g.*, *In re Allstate Ins. Co.*, 232 S.W.3d 340, 344 (Tex. App.—Tyler 2007, orig. proceeding) (rejecting other courts of appeals' conclusion that "abatement is mandatory when a trial court orders severance of extracontractual claims"); *Tex. Farmers Ins. Co. v. Cooper*, 916 S.W.2d 698, 701–02 (Tex. App.—El Paso 1996, orig. proceeding) ("Even where settlement evidence requires separation of contract and bad faith claims, we see no need to create an ironclad rule mandating abatement at any given time."). Instead, these courts look to the relator's specific showing of, for example, prejudice or burden to determine whether the trial court abused its discretion in denying abatement in a specific case. *See, e.g.*, *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding) (holding that "the facts and circumstances of this case extinguished Judge Millard's discretion"); *Cooper*, 916 S.W.2d at 702 (holding that insurance carrier bears burden at

2

trial court of proving prejudice without abatement); *In re Loya Ins. Co.*, No. 01-10-01054-CV, 2011 WL 3505434, at *3 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, orig. proceeding) (holding that where relator failed to show prejudice or burden relating to parallel discovery of contractual and extracontractual claims, trial court did not abuse its discretion in denying abatement).

In my view, these cases demonstrate a faithfulness to the flexible approach of *Akin* and represent a more sound policy to vest the trial court with limited discretion to balance the interest of the parties and judicial economy. Moreover, a rule that deprives the trial court of any discretion to deny abatement, no matter the facts and circumstances, encourages settlement gamesmanship.

In this case, the record reflects that Allstate made no specific showing of prejudice or burden or case-specific need. The record of hearing further reflects that the trial court evaluated the facts and circumstances of the case and considered the impact on the court's docket and the parties' ability to reasonably bring the merits of the dispute to closure and determined abatement was not appropriate.

I would hold that the trial court did not abuse its discretion in denying the motion to abate because abatement is neither mandatory nor required as a matter of law and because, in the absence of any showing of specific prejudice, the trial court retained discretion to manage its docket and deny abatement.


/s/     Sharon McCally
        Justice


Panel consists of Justices Brown, Boyce, and McCally. (Brown, J., majority).

3