In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00507-CV**

_____

**IN RE COVINGTON SPECIALTY INSURANCE COMPANY
AND JOSE ROCHIN**

_____

**Original Proceeding
260th District Court of Orange County, Texas
Trial Cause No. 220192-C**

_____

**OPINION**

Relators, Covington Specialty Insurance Company and Jose Rochin, petitioned for a writ of mandamus to compel the trial court to vacate its Order denying Relators' Motion for Bifurcated Trial and allow the trial on the claim for policy benefits and compensatory damages to proceed before trial of extracontractual claims and damages. We conditionally grant mandamus relief.

Background

Real Party in Interest, Orange Gospel Assembly, sued Covington alleging it breached an insurance contract by failing to pay the full amount owed for building

and personal property damage following Hurricane Laura. According to Orange Gospel's live pleading in the trial court, Covington and its adjuster, Rochin, engaged in false and misleading acts or practices, made misrepresentations, engaged in unfair claim settlement practices, breached the duty of good faith and fair dealing, and failed to handle and pay the claim according to statutory deadlines. As damages, Orange Gospel seeks "the amount of the claim" plus interest, attorneys fees, mental anguish, treble damages and exemplary damages.

In their live pleading, Covington and Rochin generally deny Orange Gospel's allegations, assert various policy exclusions and limitations, and specifically deny that all conditions precedent to recovery have occurred or been performed or waived, including the provision of proper supporting information and a sworn proof of loss.

Covington and Rochin filed a Motion for Bifurcated Trial requesting that the case be tried in two phases; in the first phase, the trier of fact would find the amount of benefits, if any, owed under the terms of the insurance policy, and in the second phase, if necessary, the trier of fact would decide whether and to what extent Covington and Rochin are liable for any extracontractual claims. According to Covington's and Rochin's motion and related pleadings in the trial court, Covington and Rochin intend to respond to the bad faith allegations by introducing evidence of their efforts to settle Orange Gospel's claim, and without bifurcation, such evidence

2

would prejudice their defense against Orange Gospel's contractual claim that benefits are due and owing under the insurance policy.

Orange Gospel filed a response and related pleadings arguing that Covington and Rochin have not identified any settlement offers which would be admissible in defense of the extracontractual claims, which Orange Gospel insists are not premised on an inadequate settlement offer, and that Covington and Rochin are simply attempting to delay the trial.

On December 15, 2025, the trial court marked Relators' proposed Order on Defendants' Motion for Bifurcated Trial "UNSIGNED AS MOTION TO BIFURCATE DENIED."

On December 17, 2025, Relators filed their petition for a writ of mandamus and a motion for temporary relief. Orange Gospel filed a response to the mandamus petition. Trial is set for January 12, 2026.

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827

3

S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

Analysis

"An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (quoting *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding); *Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995)). Because an insurer's statutory violation entitles an insured to recover only those actual damages that are caused by the violation, an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy. *Menchaca*, 545 S.W.3d at 495. But "if an insurer's statutory violation causes an injury independent of the insured's right

4

to recover policy benefits, the insured may recover damages for that injury even if the policy does not entitle the insured to receive benefits." *Id*. at 499.

An insurer may be unfairly prejudiced by having to defend the contract claims at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. *Akin*, 927 S.W.2d at 630. For instance, admitting evidence of a settlement offer in recognition of the proof requirements on a bad faith claim works to the detriment of the defendant's right to exclude such information from the trial of a breach of contract claim. *In re Allstate Ins. Co.,* 232 S.W.3d 340, 343 (Tex. App.—Tyler 2007, orig. proceeding). In such a circumstance the trial court must either grant a defendant's motion for separate trials or sever the two causes of action and abate the extracontractual claims. *State Farm Mut. Auto Ins. Co. v. Wilborn*, 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

Orange Gospel argues cases where the appellate court ordered severance and abatement, as opposed to a bifurcated trial, do not support Relators' request for mandamus relief. We disagree. We acknowledge bifurcation, separate trials, severance and abatement are separate remedies addressing separate concerns. In some instances, the fact that the contractual and extracontractual claims must be tried separately to avoid prejudice at trial, combined with a showing that the insurer will be unfairly burdened or prejudiced by discovery related to the extracontractual

5

claims, requires that the bad faith claims be severed and abated pending resolution of the contractual claims. *See In re Tex. Farm Bureau Underwriters*, 374 S.W.3d 651, 657 (Tex. App.—Tyler 2012, orig. proceeding); *In re Allstate Cnty. Mut. Ins. Co.,* 209 S.W.3d 742, 746 (Tex. App.—Tyler 2006, orig. proceeding). In other cases, severance and abatement is not required because there has been no showing that the insurer will be unfairly burdened or prejudiced during discovery, and bifurcation alone is adequate to prevent unfair prejudice at trial. *See In re Acceptance Ind. Ins. Co.*, No. 09-08-033-CV, 2008 WL 659438, at *2 (Tex. App.—Beaumont Mar. 13, 2008, orig. proceeding) (trial court did not abuse its discretion by bifurcating the trial and denying request to abate discovery on the extracontractual claims, where the trial on the policyholder's contractual claims would not necessarily dispose of the delayed payment claims). These cases demonstrate that granting bifurcated or separate trials is appropriate when necessary to avoid prejudice at trial whereas granting severance and abatement is required only when necessary to avoid prejudice both during discovery and at trial. Regardless of the remedy applied, contractual and extracontractual claims must be tried separately if trying them together would result in prejudice. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 876 (Tex. 2021) (orig. proceeding) (relying on sever-and-abate case law in holding that two trial courts abused their discretion by denying an insurer's motions to bifurcate the trial in each case). We need not decide whether severance

and abatement is required in this case, because the only remedy requested is bifurcation, but the body of case law regarding severance and abatement informs our decision.

Orange Gospel seeks to distinguish *In re State Farm* and other case law involving uninsured/underinsured motorist claims from this hurricane damage case, because UM/UIM cases are "unique." *See In re State Farm*, 629 S.W.3d at 876. What makes such claims unique is that "UIM insurance utilizes tort law to determine coverage." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). In other words, in order for UM/UIM plaintiffs to show they are entitled to benefits, they must establish a third party's legal responsibility and damages (which often include intangible elements such as physical pain, mental anguish and impairment) exceeding the third party's insurance coverage, if any. But this unique aspect of a UM/UIM claim does not alter the rationales of judicial economy and avoidance of prejudice which underlie bifurcation of trials involving contractual and extracontractual claims.

Although the plaintiffs in *In re State Farm* did not bring any contractual claims for UM/UIM benefits, the Texas Supreme Court nevertheless held they were required to establish that they were entitled to policy benefits before proceeding with their bad faith claims, reasoning that absent independent injury, an insured's entitlement to benefits is a prerequisite to an insurer's extracontractual liability. *See*

7

*In re State Farm*, 629 S.W.3d at 870. Despite the opinion's recognition of the unique nature of UM/UIM claims, it remains clear that regardless of the type of insurance involved, a plaintiff without independent injury must establish entitlement to policy benefits in order to recover bad faith damages. *Id*. at 873 ("The dual pathway outlined in *Menchaca* emerges from a line of cases that includes UIM cases and does not distinguish between varieties of insurance policies.") (citing *Menchaca*, 545 S.W.3d at 500). *Menchaca's* prerequisite that an insured be entitled to benefits under the policy provides the foundation for the first of "at least two reasons" the Court observed in *In re State Farm* that bifurcation "makes sense[:]" bifurcation may preserve judicial resources by rendering the second phase of the trial unnecessary if the plaintiff fails to show entitlement to policy benefits in the first phase. *Id*. at 876. The second reason bifurcation "makes sense" is that "evidence of the insurer's settlement offer may be admissible in one phase of the trial but inadmissible in the other." *Id*.

Here, both reasons for bifurcation apply. Because Orange Gospel does not allege independent injury, it must first show it is entitled to benefits under the insurance contract before it may recover extracontractual damages, and the second phase of the trial may be avoided if it does not. Judicial resources may be preserved by restricting the inquiry to how much property damage was sustained in the hurricane, rather than what the insurer did or did not do in handling the claim. That

8

said, we recognize trial courts have broad discretion in considering matters of judicial economy, and we are not to be understood as indicating mandamus would be appropriate in this case solely on those grounds. No such discretion exists, however, when one party will be prejudiced by the denial of bifurcation and the other party would not be prejudiced by granting bifurcation. *See In re Ethyl Corp.*, 975 S.W.2d 606, 610 (Tex. 1998) (orig. proceeding) ("The trial court has no discretion to deny separate trials when an injustice will result[.]"). The mandamus record demonstrates that Relators wish to use certain evidence to defend against the bad faith claim which would be detrimental to their defense of the insurance claim. Relators should not have to choose which claim to defend. Because the trial court's ruling would require them to make that choice, because either choice would prejudice Relators' ability to defend itself against one claim or the other, and because Orange Gospel has not shown it would be prejudiced by bifurcation, we conclude the trial court abused its discretion in denying Relators' motion to bifurcate the trial.

Mandamus is an appropriate remedy for the improper denial of a motion to bifurcate where the insurer lacks an adequate remedy by appeal due to "the 'time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Id*. at 878 (granting conditional mandamus and directing the trial courts to bifurcate the trials of the Insurance Code claims) (citing *In re Prudential*, 148 S.W.3d at 136).

## Conclusion

We conclude that the trial court abused its discretion, and that Relators lack an adequate remedy by appeal. Accordingly, we conditionally grant a writ of mandamus. We are confident that the trial court will vacate its December 15, 2025, denial and grant the Motion for Bifurcated Trial. The writ shall issue only in the event the trial court fails to comply. Relators' motion for temporary relief is denied as moot.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on December 29, 2025
Opinion Delivered January 6, 2026

Before Golemon, C.J., Wright and Chambers, JJ.

10