**In re ALLSTATE COUNTY MUTUAL INSURANCE COMPANY.**

**No. 12–06–00164–CV.**

Court of Appeals of Texas, Tyler.

Nov. 15, 2006.

Jacquelyn A. Chandler, for Relator.

Eric T. Penn, for Real Party in Interest.

Bascom W. Bentley, III, (pro se), for Respondent.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

In this original proceeding, Allstate County Mutual Insurance Company (Allstate) seeks a writ of mandamus requiring the trial court to vacate its order denying Allstate's motion to sever and abate Brandi M. Driskell's claims for extracontractual damages until her claim for uninsured/underinsured motorist (UIM) benefits has been adjudicated.[1] For the reasons set forth below, we conditionally grant the writ as to Allstate's motion to sever, but deny the writ as to Allstate's motion to abate.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2005, vehicles driven by Driskell and Etta Agnes Bates–Foley collided at the intersection of Old Troup Highway and ESE Loop 323 in Tyler. Driskell contended that Foley was underinsured and filed a UIM claim with Allstate. On September 30, 2005, Allstate offered Driskell $18,000.00 to settle the UIM claim. Five days later, it raised its settlement offer to $20,000.00.

On October 14, 2005, Driskell filed suit against Allstate for breach of contract under the UIM provision of her policy and also for violations of the Texas Deceptive Trade Practices Act, Texas Insurance Code, and general insurance principles. Allstate responded with a general denial. Allstate later filed a motion to sever and abate the extracontractual claims.

As authority for its motion to sever and abate, Allstate cited *Liberty National Fire Insurance Company v. Akin*, 927 S.W.2d 627 (Tex.1996). Allstate contended that where the insurer has made a settlement offer on a disputed contractual claim, it is unduly prejudicial to litigate both the contractual and the extracontractual claims in the same lawsuit. *See id.* at 630. Driskell responded that the trial court should follow an unreported Texarkana Court of Appeals decision that allowed a bifurcated trial of contractual and extracontractual claims rather than severance of the claims into two causes of action. *See In re Allstate Ins. Co.*, No. 06–05–00051–CV, 2005 WL 1114640, at *2 (Tex.App.-Texarkana May 12, 2005, orig. proceeding) (mem. op.). Allstate responded in a written reply that the Texarkana Court of Appeals allowed bifurcation rather than requiring severance because there was no evidence in the record before it of a settlement offer by the insurance company.

The trial court entered an order denying Allstate's motion to sever and abate, but bifurcating the contractual and extracontractual claims to be heard by the same jury in separate trials. Allstate then filed this original proceeding. On Allstate's motion, we stayed the proceedings in the trial court until our disposition of its mandamus petition.

### AVAILABILITY OF MANDAMUS

A writ of mandamus will issue only if the trial court has committed a clear abuse of discretion and the relators have no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). To show that the trial court abused its discretion, the party challenging the trial court's decision must establish

---

1. Driskell is the real party in interest. The respondent is the Honorable Bascom W. Bentley, III, Judge of the Second Judicial District Court, Cherokee County, Texas.

that the facts and law permit the trial court to make but one decision. *In re University Interscholastic League,* 20 S.W.3d 690, 692 (Tex.2000). Trial courts have broad discretion to sever a lawsuit into separate suits or to grant separate trials on claims or issues. *Akin,* 927 S.W.2d at 629 (severance); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956) (separate trials).

### SEVERANCE OR BIFURCATION?

■■■■ Insurance is a contract by which one party, for consideration, assumes a particular risk on behalf of another party and promises to pay him a certain or ascertainable sum of money on the occurrence of a specified contingency. *Employers Reinsurance v. Threlkeld & Co.,* 152 S.W.3d 595, 597 (Tex.App.-Tyler 2003, pet. denied). A claim for UIM benefits is contractual in nature. *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 467 (Tex.App.-Amarillo 2001, orig. proceeding). A UIM claim is separate and distinct from any extracontractual claims. *See id.* at 467–68.

The Texas Supreme Court has recognized that a severance of extracontractual claims from contractual claims may be necessary in certain insurance cases. *Akin,* 927 S.W.2d at 630. A trial court will undoubtedly confront instances in which evidence admissible only on the extracontractual claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.* One example is where the insurer has made a settlement offer on the disputed contract claim. *Id.* Allstate contends that because of its two offers to settle this case with Driskell, the trial court had no discretion but to sever the extracontractual claims from the contractual claim.

Our supreme court has also specifically distinguished severance and separate trials, sometimes referred to as bifurcation.

*See Kansas Univ. Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Texas Rule of Civil Procedure 41 provides authority for the severance of claims and states that "[a]ny claim against a party may be severed and proceeded with separately." TEX.R. CIV. P. 41. Separate trials are authorized by Texas Rule of Civil Procedure 174(b), which states, in relevant part, that "[t]he court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim...." TEX.R. CIV. P. 174(b).

■■■■ A severance divides the lawsuit into two or more separate and independent causes. *Hall v. City of Austin,* 450 S.W.2d 836, 837–38 (Tex.1970). When this has been done, a judgment that disposes of all parties and issues in one of the severed causes is final and appealable. *Id.* at 838. An order for a separate trial (bifurcation) leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. *Id.* The order entered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided. *Id.* The same jury hears both parts of a separate or bifurcated trial. *See Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 30 (Tex. 1994). On the other hand, a suit severed into two separate and distinct causes will be heard by two different juries. *See Akin,* 927 S.W.2d at 630.

Our two sister courts in Houston have previously encountered a situation similar to that presented in the instant case. *See United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding). These courts determined

that without a severance of the extracontractual claims from the contractual claims, both parties would lose substantial rights. *Millard*, 847 S.W.2d at 675; *Wilborn*, 835 S.W.2d at 262. The supreme court cited these cases favorably in *Akin* in its discussion of when severance of extracontractual claims may be necessary. *See Liberty Nat'l Fire Ins. Co.*, 927 S.W.2d at 630 (expressly concurring with decisions in *Millard* and *Wilborn*).

Without a severance of the contractual and extracontractual claims, the dilemma presented where an insurer has made an offer to settle a disputed contract claim has been explained as follows:

> Either a trial court refuses to admit evidence of settlement offers, thereby acknowledging [a] defendant's right under [Texas] Rule [of Civil Procedure] 408 to exclude such evidence but denying a plaintiff the right to use it to establish essential elements of a bad faith claim; or the trial court admits evidence of settlement offers, satisfying [a] plaintiff's proof requirements but abrogating [a] defendant's right to exclude such evidence.

*Millard*, 847 S.W.2d at 673. Only one decision can protect all interests involved, and that is to order severance of the two types of claims. *Wilborn*, 835 S.W.2d at 262. With this legal authority before it, the trial court could have reached but one decision: that Driskell's extracontractual claims must be severed from her contractual claim. Because it reached the opposite decision, the trial court abused its discretion.

### ABATEMENT OF EXTRACONTRACTUAL CLAIMS

Allstate also contends that the trial court abused its discretion in failing to abate Driskell's extracontractual claims pending determination of her contractual claim. As a general rule, a trial court's decision to grant or deny a motion to abate is within the court's discretion. *See Project Eng'g USA Corp. v. Gator Hawk, Inc.*, 833 S.W.2d 716, 724 (Tex.App.-Houston [1st Dist.] 1992, no writ). Allstate argues that the general rule is inapplicable here because "[w]ithout abatement, the parties will be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial." *See Millard*, 847 S.W.2d at 673. Therefore, it concludes, judicial efficiency and economy mandate abatement of Driskell's extracontractual claims. Driskell reaches a contrary conclusion arguing that unnecessary delay and added expense may be incurred when abatement is allowed and some of the evidence may no longer be available if discovery on the extracontractual claims is abated.

We have carefully considered the arguments and authorities presented by both parties. We are familiar with the cases holding that abatement is mandatory when a trial court orders severance of the extracontractual claims from the contractual claims. However, we are also mindful that the trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex.1982). To facilitate this duty, the supreme court has stated that "the [trial] court is given wide discretion in managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Id.*

Here, the trial court ordered bifurcation of Driskell's contractual and extracontractual claims. Bifurcation eliminates the need to conduct discovery a second time in the event the insured prevails on its contractual claim, thereby reducing the delay in adjudicating all of the insured's claims. Thus, bifurcation facilitates the trial court's duty to expeditiously dispose of the

cases on its docket. However, as discussed above, bifurcation does not protect the interests of the parties where the insurer has made an offer to settle a disputed contract claim. Therefore, it is not an appropriate method of docket management under the facts presented here.

Allowing discovery on both contractual and extracontractual claims pending resolution of the contract claim also avoids the expense of conducting discovery twice and the delay in adjudicating the extracontractual claims. Consequently, this option also facilitates the trial court's duty to expeditiously dispose of its cases. However, Allstate contends that it should not be required to expend the effort and incur the expense associated with discovery and trial preparation relating to a claim that may be disposed of in the trial of Driskell's contractual claim. Driskell maintains that because of the nature of this case and the necessary discovery, a single discovery phase may be more economically efficient and enhance judicial economy.

The arguments of both parties are persuasive. Consequently, we cannot say that the trial court, after balancing the interests of the parties and its duty to expeditiously dispose of the cases on its docket, could have reached only one decision after considering these arguments. Therefore, Allstate has not shown that the trial court abused its discretion in denying Allstate's motion to abate.

### Conclusion

 Based upon our review of the record and the foregoing analysis, we conclude that the trial court should have severed Driskell's extracontractual claims from her contractual claim. Appeal is an inadequate remedy for a failure to sever contractual and extracontractual claims. *Millard,* 847 S.W.2d at 675–76. Accordingly, we conditionally grant mandamus

relief on Allstate's motion to sever Driskell's extracontractual claims. We trust that the trial court will promptly vacate its order of May 3, 2006 denying Allstate's motion to sever Driskell's extracontractual claims. The writ will issue only if the trial court fails to comply with this court's opinion and order within ten days. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing such compliance. Our stay of May 10, 2006 is lifted.

*Writ conditionally granted as to Allstate's motion for severance and denied as to all other relief sought.*