COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-141-CV

IN RE ALLSTATE PROPERTY AND RELATOR

CASUALTY INSURANCE COMPANY 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After rejecting a settlement offer from relator Allstate Property and Casualty Insurance Company, real party in interest Jacqueline Amick filed suit against Allstate asserting contractual claims based on an automobile insurance policy and also asserting extracontractual claims.  Allstate filed a motion to sever and abate the extracontractual claims from the contractual claims.  The trial court denied Allstate’s motion.  
Five days after the trial court denied Allstate’s motion to sever and abate, it signed an order setting the case for trial the week of August 27, 2007.

Allstate filed a petition for writ of mandamus with this court seeking mandamus relief from the trial court order denying its motion to sever and abate Amick’s extracontractual claims and seeking temporary relief staying all discovery in the extracontractual causes of action.  
We granted Allstate’s request for temporary relief and issued an order staying discovery in the extracontractual causes of action.  We requested a response to Allstate’s petition for writ of mandamus from real party in interest, but we have received no response.

The law is well settled that when a plaintiff has filed breach of contract claims as well as extracontractual claims against an insurer, and a settlement offer has been made, severance and abatement are required, and a trial court abuses its discretion by denying a motion to sever and abate.  
See Liberty Nat’l Fire Ins. Co. v. Akin
, 927 S.W.2d 627, 629 (Tex. 1996) (orig. proceeding); 
In re Miller
, 202 S.W.3d 922, 926 (Tex. App.—Tyler 2006, orig. proceeding); 
In re Trinity Universal Ins. Co.
, 64 S.W.3d 463, 468 (Tex. App.—Amarillo 2001, orig. proceeding); 
In re Progressive County Mut. Ins. Co.
, No. 09-07-00011-CV, 2007 WL 416553, at *1-2 (Tex. App.—Beaumont Feb. 8, 2007, orig. proceeding) (mem. op.); 
In re Maryland Cas. Co.
, No. 04-06-00413-CV, 2006 WL 2135052, at *1-2 (Tex. App.—San Antonio Aug. 2, 2006, orig. proceeding) (mem. op.); 
In re Allstate Tex. Lloyd’s
, No. 14-05-00762-CV, 2005 WL 2277134, at *4 (Tex. App.—Houston [14th Dist.] Sept. 2, 2005, orig. proceeding) (mem. op.).  In such a case, the insurer does not have an adequate remedy by appeal because if the extracontractual claims are tried with the breach of contract claim (1) the settlement offer, which normally would not be admissible in connection with the contractual claim, would need to be admitted in defending the extracontractual claims, and (2) the court, as well as the parties, would be put to the expense and effort of preparing and trying extracontractual claims that may be disposed of in the resolution of the breach of contract claim.  
See United States Fire Ins. Co. v. Millard
, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); 
State Farm Mut. Auto. Ins. Co. v. Wilborn
, 835 S.W.2d 260, 262 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).
 

Here, Amick filed 
suit for both contractual and extracontractual claims,  and Allstate made a settlement offer.
  Therefore, based on the case law set forth above, the trial court should have granted Allstate’s motion to sever and abate.  Instead, the trial court ordered bifurcation of Amick’s contractual and extracontractual claims.  Bifurcation eliminates the need to conduct discovery a second time in the event the insured prevails on its contractual claim, thereby reducing the delay in adjudicating all of the insured’s claims.  
In re Allstate County Mut. Ins. Co.
, 209 S.W.3d 742, 747 (Tex. App.—Tyler 2006, orig. proceeding).  Thus, bifurcation facilitates the trial court’s duty to expeditiously dispose of the cases on its docket.  
Id.
  But, for the reasons set forth above, bifurcation does not adequately protect the interests of the parties where the insurer has made an offer to settle a disputed contract claim.  
Id.
 

The trial court’s failure to grant Allstate’s motion to sever and abate constituted an abuse of discretion.  Thus, we conditionally grant a writ of mandamus directing the trial court (1) to vacate its order of April 11, 2007 denying Allstate’s motion to sever and abate and (2) to grant Allstate’s motion to sever and abate.  We are confident that the trial court will comply with this opinion within the next thirty days.  The writ will issue only if the trial court fails to timely comply.  The temporary stay that this court issued on April 30, 2007 is ordered dissolved upon the trial court’s compliance with this court’s order in this opinion.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED: May 30, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.