COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-141-CV

 

 



IN
RE ALLSTATE PROPERTY AND                                             RELATOR

CASUALTY
INSURANCE COMPANY                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

MEMORANDUM OPINION[1]

 

------------

 








After rejecting a settlement offer from relator
Allstate Property and Casualty Insurance Company, real party in interest
Jacqueline Amick filed suit against Allstate asserting contractual claims based
on an automobile insurance policy and also asserting extracontractual
claims.  Allstate filed a motion to sever
and abate the extracontractual claims from the contractual claims.  The trial court denied Allstate=s
motion.  Five days after the trial court
denied Allstate=s motion to sever and abate, it
signed an order setting the case for trial the week of August 27, 2007.

Allstate filed a petition for writ of mandamus
with this court seeking mandamus relief from the trial court order denying its
motion to sever and abate Amick=s
extracontractual claims and seeking temporary relief staying all discovery in
the extracontractual causes of action. 
We granted Allstate=s
request for temporary relief and issued an order staying discovery in the
extracontractual causes of action.  We
requested a response to Allstate=s petition
for writ of mandamus from real party in interest, but we have received no
response.








The law is well settled that when a plaintiff has
filed breach of contract claims as well as extracontractual claims against an
insurer, and a settlement offer has been made, severance and abatement are
required, and a trial court abuses its discretion by denying a motion to sever
and abate.  See Liberty Nat=l Fire
Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996) (orig.
proceeding); In re Miller, 202 S.W.3d 922, 926 (Tex. App.CTyler
2006, orig. proceeding); In re Trinity Universal Ins. Co., 64 S.W.3d
463, 468 (Tex. App.CAmarillo 2001, orig.
proceeding); In re Progressive County Mut. Ins. Co., No. 09-07-00011-CV,
2007 WL 416553, at *1-2 (Tex. App.CBeaumont
Feb. 8, 2007, orig. proceeding) (mem. op.); In re Maryland Cas. Co., No.
04-06-00413-CV, 2006 WL 2135052, at *1-2 (Tex. App.CSan
Antonio Aug. 2, 2006, orig. proceeding) (mem. op.); In re Allstate Tex.
Lloyd=s, No.
14-05-00762-CV, 2005 WL 2277134, at *4 (Tex. App.CHouston
[14th Dist.] Sept. 2, 2005, orig. proceeding) (mem. op.).  In such a case, the insurer does not have an
adequate remedy by appeal because if the extracontractual claims are tried with
the breach of contract claim (1) the settlement offer, which normally would not
be admissible in connection with the contractual claim, would need to be
admitted in defending the extracontractual claims, and (2) the court, as well
as the parties, would be put to the expense and effort of preparing and trying
extracontractual claims that may be disposed of in the resolution of the breach
of contract claim.  See United States
Fire Ins. Co. v. Millard, 847 S.W.2d 668, 673 (Tex. App.CHouston
[1st Dist.] 1993, orig. proceeding); State Farm Mut. Auto. Ins. Co. v.
Wilborn, 835 S.W.2d 260, 262 (Tex. App.CHouston
[14th Dist.] 1992, orig. proceeding).        








Here, Amick filed suit for both contractual and extracontractual
claims,  and Allstate made a settlement
offer.  Therefore, based on the case law
set forth above, the trial court should have granted Allstate=s motion
to sever and abate.  Instead, the trial
court ordered bifurcation of Amick=s
contractual and extracontractual claims. 
Bifurcation eliminates the need to conduct discovery a second time in
the event the insured prevails on its contractual claim, thereby reducing the delay
in adjudicating all of the insured=s
claims.  In re Allstate County Mut.
Ins. Co., 209 S.W.3d 742, 747 (Tex. App.CTyler
2006, orig. proceeding).  Thus,
bifurcation facilitates the trial court=s duty
to expeditiously dispose of the cases on its docket.  Id. 
But, for the reasons set forth above, bifurcation does not adequately
protect the interests of the parties where the insurer has made an offer to
settle a disputed contract claim.  Id.


The trial court=s
failure to grant Allstate=s motion to sever and abate
constituted an abuse of discretion. 
Thus, we conditionally grant a writ of mandamus directing the trial
court (1) to vacate its order of April 11, 2007 denying Allstate=s motion
to sever and abate and (2) to grant Allstate=s motion
to sever and abate.  We are confident
that the trial court will comply with this opinion within the next thirty
days.  The writ will issue only if the
trial court fails to timely comply.  The
temporary stay that this court issued on April 30, 2007 is ordered dissolved
upon the trial court=s compliance with this court=s order
in this opinion.

 

SUE
WALKER

JUSTICE

 

PANEL B:   LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED: May 30, 2007











[1]See Tex. R. App. P. 47.4.