NO.
12-07-00152-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

IN RE:  ALLSTATE

§                      ORIGINAL
PROCEEDING

INSURANCE COMPANY

§                      

                                                                                                                                                           


OPINION

            Allstate
Insurance Company filed a petition for writ of mandamus challenging the trial
court’s order denying Allstate’s motion to sever and abate and motion to
reconsider.  The real parties in interest
are Glenn and Helen Nerren.  The
respondent is the Honorable Charles Mitchell, Judge of the 273rd Judicial
District Court, San Augustine County, Texas. 
We conditionally grant the writ.

 

Background

            The Nerrens own a 1997 Prowler
recreational vehicle insured by Allstate that was damaged by a tree falling on
it.  The Nerrens made a claim on their
insurance policy, and Allstate requested an appraisal of the damage caused by
the tree falling on the RV.  After
receiving the appraisal, Allstate tendered a check in the amount of $867.34,
which representing appraised damages of $917.34 minus the Nerrens $50.00
deductible.

            The Nerrens also obtained an
appraisal from the same company utilized by Allstate, but this time asked that
all damage to the RV be considered.  This
appraisal showed the total damages to the RV were $7,989.75.








            Unhappy with Allstate’s determination
of their damages, the Nerrens sued Allstate alleging breach of contract and
several extracontractual claims. 
Allstate filed a motion to sever and abate seeking to sever the contract
claim from the extracontractual claims and to abate discovery on the
extracontractual claims until the Nerrens breach of contract claim had been
finally determined.  After a hearing, the
trial court denied Allstate’s motion by oral order from the bench, but no
written order was signed.

            Allstate then offered to settle with
the Nerrens for $1,000.  Allstate filed a
motion asking the court to reconsider its motion to sever and abate.  After a hearing, the trial court denied
Allstate’s motion by oral order from the bench. Later, on March 14, 2007, the
trial court signed an order denying Allstate’s motion to sever and abate and
its motion to reconsider.  Allstate then
filed a petition for writ of mandamus complaining of the trial court’s order.

 

Availability
of Mandamus

            Mandamus will issue to correct a clear abuse of discretion when there is
no adequate remedy by appeal.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  The relator has the burden to establish these
prerequisites to mandamus relief.  In
re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler 2005,
orig. proceeding). 

            To determine whether the trial court
clearly abused its discretion, the reviewing court must consider whether the
challenged ruling or order was one compelled by the facts and circumstances or
was arbitrary, unreasonable, or reached without reference to any guiding rules
or principles.  In re Huag,
175 S.W.3d 449, 451 (Tex. App.–Houston [14th Dist.] 2005, no pet.).  A clear failure by the trial court to analyze
or apply the law correctly will constitute an abuse of discretion.  Walker, 827 S.W.2d at 840.  The trial court has no discretion in
determining what the law is or applying the law to the facts.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135 (Tex. 2004).  

             Appeal is an inadequate remedy when a trial
court’s failure to sever contractual and extracontractual claims constitutes an
abuse of discretion.   United States Fire Ins. Co. v. Millard,
847 S.W.2d 668, 675-76 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding); In re Allstate County Mut. Ins. Co., 209 S.W.3d 742, 747 (Tex. App.–Tyler 2006, orig. proceeding).  The same rule applies to a trial court’s
failure to abate.  Millard,
847 S.W.2d at 675-76.  Therefore, in this
case, Allstate must show only that the challenged order constitutes an abuse of
the trial court’s discretion.

Abuse of
Discretion - Severance

            In
considering whether the trial court abused its discretion in denying Allstate’s
motion to sever and abate, our review is limited to the record as it existed
before the trial court at the time of the decision. In re Bristol-Myers
Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).  A trial court has broad discretion to sever a
lawsuit into separate suits.  Liberty
Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).  It properly exercises its discretion in
severing claims when 1) the lawsuit involves more than one cause of action; 2)
the severed claim could be asserted in a separate lawsuit; and 3) the severed
claim is not so interwoven with the other claims that they involve the same
facts and issues.  Id.  Extracontractual claims can be severed from
breach of contract claims in insurance cases. 
Id. at 630.  As we
have previously said, 

 

[t]he Texas Supreme
Court has recognized that a severance of extracontractual claims from
contractual claims may be necessary in certain insurance cases.  Akin, 927 S.W.2d at 630.  A trial court will undoubtedly confront
instances in which evidence admissible only on the extracontractual claim would
prejudice the insurer to such an extent that a fair trial on the contract claim
would become unlikely.  Id.  One example is where the insurer has made a
settlement offer on the disputed contract claim.  Id.

 

 

In re Allstate County Mut. Ins. Co., 209 S.W.3d at 745.

            Where
an insurer has made an offer to settle a disputed contract claim, the trial
court is confronted with a dilemma. 
Either it refuses to admit evidence of the settlement offer in
compliance with Texas Rule of Evidence 408, thereby denying a plaintiff the
right to use the evidence to establish essential elements of its bad faith
claim; or it admits evidence of the settlement offer in recognition of the
plaintiff’s proof requirements on the bad faith claim to the detriment of the
defendant’s right to exclude such information from the trial of a breach of
contract claim. Millard, 847 S.W.2d at 673.  Under such a scenario, a trial court can
reach only one decision that will protect all interests involved, and that is
to order severance of the two types of claims. 
State Farm Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260,
262 (Tex. App.–Houston  [14th Dist.]
1992, orig. proceeding).

            Here,
the Nerrens argue that the trial court had no choice but to deny the motion to
sever because the claims were inextricably intertwined.  They claim that the appraisal obtained by
Allstate will play a key role in the trial of both the breach of contract claim
and the extracontractual claims because Allstate obtained the appraisal
fraudulently by improperly limiting the scope of the appraisal.  During the trial of the breach of contract
claim, the Nerrens certainly can argue that Allstate’s appraisal was low
because it was improperly restricted as to scope.  If successful there, the Nerrens are correct
that they can reurge the appraisal argument in the trial of the
extracontractual claims.

            But
the focus of the breach of contract claim is the damages caused to the RV by
the tree falling on it.  The appraisal is
relevant to that dispute.  The focus of
the extracontractual claims is the conduct of Allstate in settling the
claims.  If Allstate improperly limited
the scope of the appraisal, Allstate’s conduct in obtaining the appraisal is
relevant to both types of claims.  It is
true that the contractual and extracontractual claims involve some similar
facts, but they also involve some facts that are different.  Further, the two types of claims do not
involve similar issues.  The fact that
similar evidence, with a different focus, is relevant to both types of claims
does not mean that the claims are so inextricably intertwined that severance
cannot occur.

            Having
determined that the trial court could have granted the severance, we next
examine whether the trial court was required to do so.  The trial court considered Allstate’s motion
to sever the Nerrens extracontractual claims from their contractual claim after
Allstate made a settlement offer on the disputed portion of the contract
claim.  Although the difference between
Allstate’s settlement offer and the undisputed portion of the contract claim
admittedly is small, it is not without consequence.  Allstate has a right to keep its $1,000
settlement offer out of evidence on the contractual claim.  At the same time, the Nerrens have the right
to present Allstate’s $1,000 settlement offer into evidence on the
extracontractual claims.  If all the
claims were extracontractual claims or if the settlement offer represented only
the undisputed portion of the contract claim, the trial court’s denial of the
severance would not be an abuse of discretion. But those circumstances were not
present in the trial court.  Under the
circumstances of this case, the trial court could have reached but one
decision: that the Nerrens extracontractual claims must be severed from their
contractual claim. See In re Allstate County Mut. Ins. Co.,
209 S.W.3d at 746.  Because the trial
court took the contrary action and denied the motion to sever, the trial court
abused its discretion.  We next turn to whether the trial court abused its discretion in denying
Allstate’s motion to abate.  

Abuse of Discretion - Abatement

            As a general rule, a
trial court has discretion to grant or deny a motion to abate.  Id.  We recognize that a number of our sister
courts hold that abatement is mandatory when a trial court orders severance of
extracontractual claims from contractual claims.  See, e.g., Millard, 847
S.W.2d at 675-76.  But a trial court
should schedule its cases in such a manner as to expeditiously resolve
them.  In re Allstate County Mut.
Ins. Co., 209 S.W.3d at 746 (citing Clanton v. Clark, 639
S.W.2d 929, 931 (Tex. 1982)).  To promote
the carrying out of this task, a trial court is given broad discretion in
managing its docket, and “we will not interfere with the exercise of that discretion
absent a showing of clear abuse.”  Clanton,
639 S.W.2d at 931.  Because of these
competing interests, we have avoided creating a bright line rule requiring
abatement under these circumstances.  See
In re Allstate County Mut. Ins. Co., 209 S.W.3d at 746-47.

            Here, as in most cases
involving severance of contractual and extracontractual claims, if the
extracontractual claims are not abated, both parties will incur unnecessary
discovery expenses if the Nerrens’s breach of contract claim is decided in Allstate’s
favor.  We have previously held that
these factors, standing alone, do not necessarily require abatement.  See In re Allstate County Mut. Ins. Co.,
209 S.W.3d at 746-47.  But two additional
factors are present here.  First,
Allstate argues that abatement is necessary to prevent the premature disclosure
of privileged information. Specifically, Allstate contends that in conducting
discovery on the extracontractual claims, the Nerrens will seek information
regarding Allstate’s handling of claims that is relevant and discoverable on
the extracontractual claims, but is privileged and protected from discovery
when focusing only on the breach of contract claim.  Second, although the Nerrens have vigorously
argued against severance, they do not contend that if the case is severed,
abatement should not be ordered.  These
factors were not present in our prior Allstate case.  See id. at 746.  As previously stated, we have avoided
creating a bright line rule that a trial court loses all discretion regarding
abatement when it severs extracontractual claims from contractual claims.  See id.  Based upon these two additional factors,
however, we conclude that the trial court abused its discretion by denying
Allstate’s motion to abate. 

 

Disposition

             We conditionally grant mandamus
relief on Allstate’s motion to sever the Nerrens extracontractual claims from
their breach of contract claim and to abate those extracontractual claims.  We trust that the trial court will promptly
vacate its order of March 14, 2007 denying Allstate’s motion to sever and abate
and its motion to reconsider and issue an order granting the motion to sever
and abate.  The writ will issue only if
the trial court fails to comply with this court’s opinion and order within ten
days.  The trial court shall furnish this
court, within the time for compliance with this court’s opinion and order, a
certified copy of its order evidencing such compliance.

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered August 15,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)