**In re: TEXAS FARM BUREAU UNDERWRITERS, Relator.**

No. 12–12–00008–CV.

Court of Appeals of Texas, Tyler.

July 18, 2012.

---

Brent Howard, Tyler, Robert G. Hogue, Dallas, for Relator.

Reid Wm. Martin, Tyler, for Real Party in Interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

Texas Farm Bureau Underwriters (Farm Bureau), relator, is the defendant in a lawsuit filed by the real party in interest, Terry Graham, Jr. Farm Bureau requests a writ of mandamus directing the trial court to sever Graham's breach of contract claim against Farm Bureau from his remaining claims and abate discovery regarding the remaining claims until there is a final judgment in the breach of contract claim. The respondent is the Honorable Jack Skeen, Judge of the 241st Judicial District Court, Smith County, Texas. We conditionally grant the petition.

### BACKGROUND

Graham shot and killed Hiram Joshua Chambers. Amanda Chambers, Hiram's ex-wife, sued Graham as next friend of Hiram's two children. Graham requested a defense from Farm Bureau, but Farm Bureau denied Graham's request. Graham hired attorneys to defend him, and after a trial, a jury found that Graham was not liable for Hiram's death.

Graham paid his attorneys approximately $130,000 to defend him against Chambers's suit. Graham brought a breach of contract claim against Farm Bureau seeking reimbursement of the money he paid to his attorneys and extracontractual claims against Farm Bureau based on the duty of good faith and fair dealing that an insurer owes to its insured. Farm Bureau filed a motion for summary judgment on the contractual claim and a motion to sever and abate the extracontractual claims. Graham filed a motion for partial summary judgment on the liability aspect of his contractual claim. The trial court first heard the competing motions for summary judgment. After the hearing, the trial court granted Graham's motion for partial summary judgment and denied Farm Bureau's motion for summary judgment.

The trial court then held a hearing on Farm Bureau's motion to sever and abate Graham's extracontractual claims. Farm Bureau alleged that it had offered to settle Graham's breach of contract claim for $15,000, and argued that, without a severance, it would be prejudiced by evidence of that settlement offer being presented at trial. Farm Bureau also contended that the extracontractual claims should be abated until final resolution of Graham's contractual claim because information that would be privileged from discovery on the contractual claim would be subject to discovery on the extracontractual claims. Graham responded that the extracontractual claims need not be severed because the trial court had granted Graham's motion for partial summary judgment on his contractual claim. Therefore, Graham argued, the extracontractual claims would require a jury's determination because Farm Bureau could not defeat Graham's breach of contract claim. Graham also

argued that the trial could be bifurcated so that evidence of Farm Bureau's settlement offer would not be admitted during the breach of contract phase of the trial. The trial court denied Farm Bureau's motion.[1] Farm Bureau then filed this original proceeding challenging the trial court's order denying its motion to sever and abate. It also filed a motion for emergency relief. We granted the motion, and stayed the proceedings in the trial court until further order of this court.

### AVAILABILITY OF MANDAMUS

■ Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.,* 235 S.W.3d 619, 623 (Tex.2007) (orig. proceeding). To obtain mandamus relief, the relator must show that (1) the trial court clearly abused its discretion, and (2) the benefits of mandamus outweigh the detriments to the extent that an appellate remedy is inadequate. *In re Poly–America, L.P.,* 262 S.W.3d 337, 346–47 (Tex.2008) (orig. proceeding).

■ A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. *Id.* However, a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or

apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Id.*

In providing guidance for determining whether an appellate remedy is adequate, the Texas Supreme Court has noted that the operative word, "adequate," has no comprehensive definition. *In re Prudential Ins. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Instead, it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *Id.* These considerations include both public and private interests, and the determination is practical and prudential rather than abstract or formulaic. *Id.* Thus, the adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.,* 256 S.W.3d 257, 262 (Tex.2008) (orig. proceeding).

■ When the benefits of mandamus review outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.* "Mandamus will not issue when the law provides another, plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.,* 210 S.W.3d 609, 613 (Tex.2006) (orig. proceeding). When a trial court's failure to sever extracontractual claims from contractual claims constitutes an abuse of discretion, appeal is an inadequate remedy. *In re Allstate Ins. Co.,* 232 S.W.3d 340, 342 (Tex.App.-Tyler 2007, orig. proceeding). Similarly, when a trial court's failure to abate constitutes an abuse of discretion, appeal is an inadequate remedy. *Id.* Therefore, in this case,

---

1. The trial court did not bifurcate the contractual claim portion of the trial from the extracontractual claims. After Farm Bureau brought this proceeding, Graham filed a motion asking the trial court to bifurcate.

Farm Bureau must show only that the challenged order constitutes an abuse of the trial court's discretion.

## SEVERANCE

Farm Bureau first argues that the trial court abused its discretion in refusing to sever Graham's extracontractual claims from his contractual claim.

### Standard of Review

Severance of claims under the Texas Rules of Civil Procedure rests within the sound discretion of the trial court. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex.1996) (orig. proceeding); *see* TEX.R. CIV. P. 41. Although the trial court has broad discretion in determining whether to grant severance, that discretion is not unlimited. *In re Gen. Agents Ins. Co. of Am.*, 254 S.W.3d 670, 673 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding [mand. denied] ). Instead, the trial court is required to exercise "a sound and legal discretion within limits created by the circumstances of the particular case." *See Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956) (orig. proceeding) (addressing denial of separate trials under Texas Rule of Civil Procedure 174). "That a claim *may* be severed does not always mean that it *must.*" *In re Wilkerson*, No. 14–08–00376–CV, 2008 WL 2777418, at *1 (Tex. App.-Houston [14th Dist.] June 6, 2008, orig. proceeding [mand. denied] ) (mem. op.).

But there is no room for the exercise of discretion "[w]hen all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. . . ." *See Womack*, 291 S.W.2d at 683; *see also, e.g., In re Hochheim Prairie*

*Farm Mut. Ins. Ass'n*, 296 S.W.3d 907, 912 (Tex.App.-Corpus Christi 2009, orig. proceeding) (applying *Womack* standard to severance under Texas Rule of Civil Procedure 41); *Gen. Agents Ins.*, 254 S.W.3d at 673–74 (same). Under these circumstances, the refusal to order a severance constitutes a violation of a plain legal duty, even though it is often termed a clear abuse of discretion. *Gen. Agents Ins.*, 254 S.W.3d at 674. In applying this standard, the desire to avoid some identified prejudice to the relator by denying severance must be weighed against the prejudice that could result from ordering severance. *See Womack*, 291 S.W.2d at 683.

### Applicable Law

A severance divides a lawsuit into two or more separate and independent causes. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex.1970). When a trial court grants a severance, the separated causes of action typically proceed to individual judgments that are themselves separately final and appealable. *Id.* at 838. Although severance runs counter to the general policy condemning a multiplicity of suits, it is indicated in some situations. 3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 17.26 (2d ed.2000).

A claim is properly severable only if (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (op. on reh'g). The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Id.*

In considering whether the trial court abused its discretion in denying Farm Bureau's motion to sever, our review is limited to the record as it existed before the trial court at the time of the decision. *Allstate Ins. Co.,* 232 S.W.3d at 343. Whether a trial court should grant a motion to sever is ultimately a question of law. *In re Liu,* 290 S.W.3d 515, 520 (Tex. App.-Texarkana 2009, orig. proceeding) (citing *Guar. Fed. Sav. Bank,* 793 S.W.2d at 658–59).

Extracontractual claims can be severed from breach of contract claims in insurance cases. *Allstate Ins. Co.,* 232 S.W.3d at 343. The severance of such claims is necessary when evidence admissible only on the extracontractual claims would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Akin,* 927 S.W.2d at 630. We have previously held that in a case involving contractual and extracontractual claims where an insurer has made an offer to settle a disputed contract claim, the extracontractual claims must be severed from the contractual claims. *In re Allstate Cnty. Mut. Ins. Co.,* 209 S.W.3d 742, 746 (Tex.App.-Tyler 2006, orig. proceeding) ("Only one decision can protect all interests involved, and that is to order severance of the two types of claims.").

### Application

Here, Farm Bureau offered to settle Graham's breach of contract claim for $15,000. A settlement offer ordinarily is inadmissible in the trial of a disputed breach of contract claim, but may be admissible on the extracontractual claims to rebut evidence that the insurer acted in bad faith. *See Akin,* 927 S.W.2d at 630;

see also Tex.R. Evid. 408 (evidence of settlement offer not admissible to prove liability, but may be admissible when offered for another purpose). But Farm Bureau would be unfairly prejudiced by the admission of its settlement offer in the trial of the breach of contract claim, and Graham would be unfairly prejudiced by the exclusion of the settlement offer in the trial of the extracontractual claims. *See United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding). Thus, the dilemma envisioned in *Akin* is present in this case. *See Akin,* 927 S.W.2d at 630; *see also Allstate Ins. Co.,* 232 S.W.3d at 343.

Graham argues, however, that damages resulting from Farm Bureau's liability on the breach of contract claim will most likely be stipulated. But there was no stipulation of damages when the trial court denied Farm Bureau's motion. Whether damages might be stipulated in the future is not a consideration in our analysis.[2] *See Allstate Ins. Co.,* 232 S.W.3d at 343 (abuse of discretion is determined from record as it existed at time of trial court's decision).

Based upon our review of the record, we hold that Graham's extracontractual claims against Farm Bureau are severable. We also conclude that "all of the facts and circumstances of the case unquestionably require a [severance] to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. . . ." *See Womack,* 291 S.W.2d at 683; *Hochheim,* 296 S.W.3d at 912; *Gen. Agents Ins.,* 254 S.W.3d at 674. Accordingly, we hold that the trial court abused its discre-

---

**2.** We also note that no evidence of a subsequent stipulation of damages is included in the record.

tion in denying Farm Bureau's motion for severance.

### ABATEMENT

Farm Bureau also argues that the trial court abused its discretion in refusing to abate Graham's extracontractual claims. As a general rule, a trial court has the discretion to grant or deny a motion to abate. *Allstate Ins. Co.*, 232 S.W.3d at 344. We recognize that several of our sister courts have held that abatement is mandatory when a trial court orders severance of the extracontractual claims from the contractual claims. *See, e.g., Millard,* 847 S.W.2d at 675–76. But a trial court should schedule its cases in such a manner as to expeditiously resolve them. *Allstate Cnty. Mut. Ins. Co.,* 209 S.W.3d at 746 (citing *Clanton v. Clark,* 639 S.W.2d 929, 931 (Tex.1982)). To promote the carrying out of this task, a trial court is given broad discretion in managing its docket, and "we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton,* 639 S.W.2d at 931. Because of these competing interests, we have avoided creating a bright line rule requiring abatement under these circumstances. *See Allstate Cnty. Mut. Ins. Co.,* 209 S.W.3d at 746–47.

In some instances, abatement has been granted to avoid the expense of conducting discovery and preparing for the trial of the extracontractual claims that ultimately may be disposed of by a plaintiff's failure to prevail on his contractual claim. *See, e.g., In re United Fire Lloyds,* 327 S.W.3d 250, 256 (Tex.App.-San Antonio 2010, orig. proceeding); *Millard,* 847 S.W.2d at 673. Here, Graham contends that, unlike most cases involving severance of extracontractual claims, the parties will not incur unnecessary discovery expenses because the trial court has granted Graham judgment as a matter of law on the liability portion of his breach of contract claim. Thus, the extracontractual claims will be tried. Nevertheless, as previously noted, the amount of damages caused by Farm Bureau's breach must also be tried, and that trial must occur prior to the trial of the extracontractual claims.

We have previously held that the additional expense of discovery and trial preparation, standing alone, does not necessarily require abatement. *See Allstate Cnty. Mut. Ins. Co.,* 209 S.W.3d at 746–47. But in conducting discovery on the extracontractual claims in this case, Graham would seek information regarding Farm Bureau's handling of the underlying claim made the basis of the breach of contract. This information is relevant and discoverable on the extracontractual claims, but is privileged and protected from discovery when focusing only on the breach of contract claim. *See Allstate Ins. Co.,* 232 S.W.3d at 344. Thus, under the facts presented here, we hold that Farm Bureau has also shown that the trial court abused its discretion in denying its motion to abate.

### DISPOSITION

For the reasons set forth above, we have concluded that Farm Bureau's motion to sever and abate should have been granted. Accordingly, we ***conditionally grant*** Farm Bureau's petition for writ of mandamus and direct the trial court to (1) vacate its order denying Farm Bureau's motion to sever and abate and (2) issue an order severing Graham's contractual claim from his extracontractual claims and abating discovery related to the extracontractual claims. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within ten days of the***

***date of the opinion and order.*** The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance. This court's stay is ***lifted.***