# NO. 12-20-00220-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PROGRESSIVE CASUALTY* | | |
| | § | *ORIGINAL PROCEEDING* |
| *INSURANCE COMPANY,* | | |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Progressive Casualty Insurance Company seeks mandamus relief from the trial court's February 27, 2020 order denying its motion to sever and abate Real Party in Interest Phillip Davidson's extracontractual claims and compelling discovery.[1]  We conditionally grant the writ.

## BACKGROUND

In March 2019, Davidson submitted an insurance claim to Progressive claiming that a submerged object damaged the hull of his 2001 Skeeter ZX 255 Bass Boat.  Progressive denied the claim, alleging that the hull of the boat showed signs of regular use as opposed to a covered loss.  In June 2019, Progressive offered to settle the disputed claim for the costs of the repairs in the amount of $11,500.  Davidson rejected the offer and filed suit.  In his petition, Davidson alleged causes of action for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act.  Progressive filed a motion to sever and abate the extracontractual claims.  Following a hearing, the trial court denied the motion and ordered that the contractual and extracontractual claims be heard separately in a bifurcated trial.  The trial court also granted Davidson's motion to

---

[1] The Respondent is the Honorable Dean Fowler, Judge of the 115th Judicial District Court, Upshur County, Texas.  The underlying proceeding is trial court cause number 418-19, styled ***Phillip Davidson vs. Progressive Casualty Insurance Company and Sharyn McElmurry.***

compel Progressive to respond to discovery regarding the extracontractual claims. Progressive then filed this original proceeding. On Progressive's motion, we stayed the proceedings in the trial court until further order of this Court.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy that is available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or in applying the law to particular facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

If a trial court abuses its discretion in denying a motion to sever and abate extracontractual claims, there is no adequate remedy by appeal. *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 675-76 (Tex. App.–Houston [1st Dist.] 1993, orig. proceeding). This is because an insurer stands to lose substantial rights by being required to prepare for claims that may be rendered moot and may not have accrued. *In re United Fire Lloyds*, 327 S.W.3d 250, 256 (Tex. App.–San Antonio 2010, orig. proceeding). Therefore, mandamus is the appropriate remedy in this case.

## SEVERANCE AND ABATEMENT

Progressive argues that the trial court abused its discretion when it denied Progressive's motion to sever and abate Davidson's extracontractual claims and compelled discovery. Davidson argues that a bifurcated trial is sufficient to protect Progressive's interests.

### Standard of Review

The trial court has broad discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984). However, that discretion is not unlimited. *See Millard*, 847 S.W.2d at 671. The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent

manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." ***Womack v. Berry***, 291 S.W.2d 677, 683 (Tex. 1956).

In most circumstances, a trial court's decision to grant or deny a motion to abate is within the court's discretion. ***In re Allstate Cty. Mut. Ins. Co.***, 209 S.W.3d 742, 746 (Tex. App.–Tyler 2006, orig. proceeding). Abatement of extracontractual claims is required when, under the circumstances, both parties would incur unnecessary expenses if the breach of contract claim were decided in the insurer's favor. ***In re Am. Nat'l Cty. Mut. Ins. Co.***, 384 S.W.3d 429, 436 (Tex. App.–Austin 2012, orig. proceeding). Thus, abatement is necessary when a determination on the breach of contract claim in favor of the insurer will negate the insured's extracontractual claims. ***Id***. Without the abatement, the parties would be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial. ***Id***.

## Governing Law

Any claim against a party may be severed and proceeded with separately. TEX. R. CIV. P. 41. Claims are properly severable if the controversy involves more than one cause of action, the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. ***Guar. Fed. Sav. Bank v. Horseshoe Operating Co.***, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons to allow a severance are to avoid prejudice, do justice, and promote convenience. ***F.F.P. Operating Partners, L.P. v. Duenez***, 237 S.W.3d 680, 693 (Tex. 2007).

A severance divides the lawsuit into two or more separate and independent causes. ***Hall v. City of Austin***, 450 S.W.2d 836, 837-38 (Tex. 1970). When this has been done, a judgment that disposes of all parties and issues in one of the severed causes is final and appealable. ***Id***. at 838. An order for a bifurcated trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same hearing. ***Id***. The order rendered at the conclusion of a separate trial is often interlocutory, because no final and appealable judgment can properly be rendered until all of the controlling issues have been tried and decided. ***Id***. The same jury hears both parts of a separate or bifurcated trial. *See **Transp.***

3

*Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). On the other hand, a suit severed into two separate and distinct causes will be heard by two different juries. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996).

In the context of insurance cases, a breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code, or DTPA causes of action and each might constitute a complete lawsuit within itself. *See Millard*, 847 S.W.2d at 672; *Akin*, 927 S.W.2d at 629. In most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract. *Akin*, 927 S.W.2d at 629. In *Akin*, the Texas Supreme Court stated that a "trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely." *Id*. at 630. The Texas Supreme Court recognized that severance may be necessary if the "insurer has made a settlement offer on the disputed contract claim" or if there are "other compelling circumstances." *Id*. at 630. In fact, we have previously held that in a case involving contractual and extracontractual claims where an insurer has made an offer to settle a disputed contract claim, the extracontractual claims must be severed from the contractual claims. *In re Tex. Farm Bureau Underwriters*, 374 S.W.3d 651, 657 (Tex. App.— Tyler 2012, orig. proceeding); *In re Allstate Cty. Mut. Ins. Co.*, 209 S.W.3d at 746.

**<u>Severance</u>**

Here, Progressive offered to settle Davidson's breach of contract claim for $11,500. Progressive contends that this is the estimated cost of the repairs required for the boat. A settlement offer ordinarily is inadmissible in the trial of a disputed breach of contract claim but may be admissible on the extracontractual claims to rebut evidence that the insurer acted in bad faith. *See Akin,* 927 S.W.2d at 630; *see also* TEX. R. EVID. 408 (evidence of settlement offer not admissible to prove liability but may be admissible when offered for another purpose). But Progressive would be unfairly prejudiced by the admission of its settlement offer in the trial of the breach of contract claim, and Davidson would be unfairly prejudiced by the exclusion of the settlement offer in the trial of the extracontractual claims. *See Millard,* 847 S.W.2d at 673. Thus, the dilemma envisioned in *Akin* is present in this case. *See Akin,* 927 S.W.2d at 630; *see also In re Allstate Ins. Co.,* 232 S.W.3d 340, 343(Tex. App.—Tyler 2007, orig. proceeding); *Tex. Farm Bureau Underwriters*, 374 S.W.3d at 657.

4

Based upon our review of the record, we hold that Davidson's extracontractual claims against Progressive are severable.  We also conclude that "all of the facts and circumstances of the case unquestionably require a [severance] to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby...."  *See Womack*, 291 S.W.2d at 683; *In re Hochheim Prairie Farm. Mut. Ins. Ass'n*, 296 S.W.3d 907, 912 (Tex. App.—Corpus Christi 2009, orig. proceeding) (op.); *In re Gen. Agents Ins. Co. of Am.*, 254 S.W.3d 670, 674 (Tex. App.— Houston [14th Dist.] 2008, orig. proceeding).  Accordingly, we hold that the trial court abused its discretion in denying Progressive's motion for severance.

## Abatement

Progressive also argues that the trial court abused its discretion in refusing to abate Davidson's extracontractual claims.  As a general rule, a trial court has the discretion to grant or deny a motion to abate.  *Allstate Ins. Co.*, 232 S.W.3d at 344.  We recognize that several of our sister courts have held that abatement is mandatory when a trial court orders severance of the extracontractual claims from the contractual claims.  *See, e.g., Millard*, 847 S.W.2d at 675–76. But a trial court should schedule its cases in such a manner as to expeditiously resolve them. *Allstate Cty. Mut. Ins. Co.*, 209 S.W.3d at 746 (citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982)).  To promote the carrying out of this task, a trial court is given broad discretion in managing its docket, and "we will not interfere with the exercise of that discretion absent a showing of clear abuse."  *Clanton*, 639 S.W.2d at 931.  Because of these competing interests, we have avoided creating a bright line rule requiring abatement under these circumstances.  *See Allstate Cty. Mut. Ins. Co.*, 209 S.W.3d at 746–47.

In some instances, abatement has been granted to avoid the expense of conducting discovery and preparing for the trial of the extracontractual claims that ultimately may be disposed of by a plaintiff's failure to prevail on his contractual claim.  *See, e.g., In re United Fire Lloyds*, 327 S.W.3d at 256; *Millard*, 847 S.W.2d at 673.  Here, Davidson contends that, a single bifurcated trial preceded by unified discovery and pretrial proceedings promotes judicial economy better than severance and abatement.

Davidson alleges Progressive breached the duty of good faith and fair dealing, violated Section 541.060 of the Texas Insurance Code, and violated the Texas Deceptive Trade Practices

5

Act. To prevail on these claims, Davidson must first establish that Progressive is liable under the insurance contract by proving that he suffered a covered loss. Progressive contests liability for breach of contract, and Davidson has not established that Progressive is liable under the insurance contract. Davidson's extracontractual claims would be rendered moot by a determination that Progressive is not liable on Davidson's breach of contract claim.

We have previously held that the additional expense of discovery and trial preparation, standing alone, does not necessarily require abatement. *See Allstate Cty. Mut. Ins. Co.,* 209 S.W.3d at 746–47. But in conducting discovery on the extracontractual claims in this case, Davidson would seek information regarding Progressive's handling of the underlying claim made the basis of the breach of contract. This information is relevant and discoverable on the extracontractual claims but is privileged and protected from discovery when focusing only on the breach of contract claim. *See Allstate Ins. Co.,* 232 S.W.3d at 344. Because Davidson's extracontractual claims could ultimately be rendered moot, Progressive is not required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on those claims. *See Tex. Farm Bureau*, at 658. Accordingly, the trial court abused its discretion when it denied Progressive's motion to abate and compelled discovery on Davidson's extracontractual claims.

## DISPOSITION

For the reasons set forth above, we have concluded that Progressive has shown it is entitled to mandamus relief. Accordingly, we ***conditionally grant*** Progressive's petition for writ of mandamus and direct the trial court to (1) vacate its February 27, 2020 order denying Progressive's motion to sever and abate and compelling Progressive to respond to discovery on the extracontractual claims; and (2) issue an order granting the motion, severing Davidson's extracontractual claims against Progressive, and abating the severed cause. We trust the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within ten days of the date of the opinion and order***. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of this order evidencing such compliance. Our stay of September 18, 2020 is ***lifted***.

6

**BRIAN HOYLE**
Justice

Opinion delivered October 14, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

OCTOBER 14, 2020

NO. 12-20-00220-CV


**PROGRESSIVE CASUALTY INSURANCE COMPANY,**
Relator
V.

**HON. JERALD (DEAN) FOWLER, II,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Progressive Casualty Insurance Company; who is the relator in appellate cause number 12-20-00220-CV and the defendant in trial court cause No. 418-19, pending on the docket of the 115th District Court of Upshur County, Texas. Said petition for writ of mandamus having been filed herein on September 17, 2020, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate its February 27, 2020 order denying Progressive's motion to sever and abate

8

and compelling Progressive to respond to discovery on the extracontractual claims; and issue an order granting the motion, severing Davidson's extracontractual claims against Progressive, and abating the severed cause, the writ will not issue unless the **HONORABLE JERALD (DEAN) FOWLER, II**, Judge of the 115th District Court, fails to comply with this Court's order within ten (10) days from the date of this order

It is further ORDERED that **PHILLIP DAVIDSON**, pay all costs incurred by reason of this proceeding.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

9